IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J. C. RASOR, 584649, )<br>　　　　Petitioner, )<br> )<br>v. )<br> )<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>　　　　Respondent. ) | No. 3:14-CV-4004-M |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of TDCJ-CID.

**II. Background**

On April 23, 1991, Petitioner was convicted of murder and was sentenced to life in prison. *State of Texas v. J. C. Rasor*, No. F-9100094-TV (292nd Jud. Dist. Ct., Dallas County, Tex., Apr. 23, 1991). On September 30, 1992, Petitioner's conviction and sentence were affirmed on direct appeal. *Rasor v. State*, No. 05-91-00094-CR (Tex. App. – Dallas, 1992). On April 1, 1992, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.

On May 27, 2014, Petitioner filed a state habeas petition. *Ex parte Rasor*, No. 82,008-01. On September 10, 2014, the Texas Court of Criminal Appeals denied the petition without written order.

On October 28, 2014, Petitioner filed this federal petition for habeas relief. He argues:

(1) His due process rights were violated because the judgment and sentence contained errors;

(2) He received ineffective assistance of counsel when counsel failed to keep gun evidence from being admitted and failed to object to witness testimony;

(3) The evidence was insufficient to support the conviction;

(4) His conviction violates the Double Jeopardy Clause;

(5) The indictment was defective; and

(6) State witnesses committed perjury.

On April 7, 2015, Petitioner amended his petition to add the claim that Judge Keasler was the trial judge and was also on the Court of Criminal Appeals when his state habeas petition was denied.

On January 16, 2015, Respondent filed his answer. On February 6, 2015, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

### III. Discussion

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L.

Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

In this case, on September 30, 1992, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on December 29, 1992. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 29, 1993, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

Petitioner's limitation-commencing event occurred prior to the April 24, 1996, enactment of the AEDPA. Petitioner was therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On May 27, 2014, Petitioner filed a state habeas petition. This petition, however, did not toll the limitations period because the statute of limitations had already expired.

Petitioner was required to file his § 2254 petition by April 27, 2007. He did not file his petition until October 28, 2014. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner states he did not timely file his petition because he did not know the

law, he was waiting for the Innocence Project to help him, and he did not obtain the trial record until approximately 2011 due to its cost. Petitioner's claims, however, do not entitle him to equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding ignorance of the law does not excuse a plaintiff's failure to comply with the statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 22nd day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).